Opinion issued March 29, 2007

















Opinion issued March 29, 2007






 

 

 

     

 

 

 

 

 

 

                                                                 
In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-00298-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



DONALD DAVIS, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 338th District Court

Harris County,
Texas

Trial Court Cause No. 1015303

 








 



MEMORANDUM OPINION

 

A jury convicted appellant, Donald
Davis, of the first-degree felony offense of possession with intent to deliver
heroin weighing more than four grams and less than two hundred grams.[1]  The trial court assessed punishment at thirty-five
years’ confinement.  Davis’s
counsel on appeal has submitted a brief stating his professional opinion
that the appeal is without merit and that there are no arguable grounds for
reversal.  See Anders v. California, 386 U.S.
738, 744, 87 S. Ct.
1396, 1400 (1967).  Davis
filed a pro se response.  In
three issues, Davis contends (1) the evidence is legally and factually
insufficient to support the jury’s finding that he possessed and intended to
deliver seventy-three grams of heroin recovered by police from a McDonald’s
parking lot, (2) his trial counsel was ineffective, and (3) the trial court
erred in admitting a police officer’s testimony that he observed Davis throw a
baggie containing heroin from the driver’s side window of his truck into a
McDonald’s parking lot.  We have
reviewed the record and, having found no reversible error, we affirm Davis’s
conviction. 

Background

On February 2, 2005, an informant
notified Officer F. Wood that a heroin transaction would occur around 11:00
a.m. at a Whataburger restaurant located near the 610 Loop and West 18th Street
in Houston.  The informant provided Officer Wood with a
description of the suspect and his pickup truck.

Officer Wood and several members of
his narcotics squad drove to the designated location and began
surveillance.  At 11:20 a.m., they
observed a male in a light blue pickup truck matching the informant’s
description exit the Whataburger parking lot and pull into an adjacent strip
center.  The occupant, later identified
as Davis,
exited the truck and entered a car stereo store.  While Davis was
inside the store, Officer Wood checked the truck’s license number and
discovered that the first name of the owner matched the first name the
informant had given him.

Davis emerged from the store alone, got
into his truck, and turned onto the 610 Loop. 
Officer Wood and his squad followed in unmarked police cars.  After several minutes of erratic driving, Davis
abruptly exited the freeway and cut through a McDonald’s parking lot.  Officer F. Rodriguez followed Davis
into the parking lot and saw him throw a ball of white paper or tissue out the
driver’s side window of his truck and then speed away.  Officer Rodriguez radioed to the other
officers that they should continue following Davis while he stopped to retrieve what Davis
had thrown from his window.  Upon close
examination, Rodriguez discovered that Davis
had disposed of a ziplock baggie, wrapped in paper, containing what smelled and
looked like black tar heroin.  Subsequent
forensic analysis confirmed that the substance was black tar heroin weighing
seventy-three grams.  Rodriguez notified
the officers who were pursuing Davis that he had recovered
heroin.

At that point, after seeing Davis commit several
traffic violations, and after learning that Davis
had thrown heroin from his truck, Officer Wood radioed for a marked patrol car
to stop him.  Officers handcuffed Davis
and discovered that he was carrying cash in the amount of $1,058 in his front pants
pocket.  They did not find any contraband
in his truck or on his person.

Davis testified that he had loaned $100 to
a friend and that the two agreed to meet at a car stereo store so that his
friend could pay him back.  When Davis arrived at the
store, his friend came outside and entered Davis’s
truck on the passenger’s side to hand him the money.  His friend then got into his own car and
drove away, and Davis
did the same.  Davis
testified that he was carrying $1,058 in his pocket because he had just cashed
his paycheck.  He denied throwing heroin
from his truck.

Anders Procedure

The brief submitted by Davis’s
court-appointed counsel states his professional opinion that there are no
arguable grounds for reversal on appeal and that any appeal would, therefore,
lack merit.  See Anders, 386 U.S. at 744, 87 S. Ct. at
1400.  Counsel’s brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable
grounds for reversal on appeal.  See Gainous v. State, 436 S.W.2d 137, 138
(Tex. Crim. App. 1969).  Counsel
sent a copy of the brief to Davis,
requested permission to withdraw from the case, and notified Davis of
his right to review the record and to file a pro se response.

When we receive an Anders brief from a defendant’s
court-appointed attorney who asserts that no arguable grounds for appeal exist,
we must determine that issue independently by conducting our own review of the
entire record.  See
Anders, 386 U.S. at 744, 87
S. Ct. at 1400 (emphasizing that reviewing court—and not
counsel—determines, after full examination of proceedings, whether case is
“wholly frivolous”); Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  In conducting our
review, we consider any pro se response that the defendant files to his
appointed counsel’s Anders brief.  See Bledsoe v. State, 178 S.W.3d 824, 826–28
(Tex.
Crim. App. 2005).  

Our role in this Anders appeal, which includes reviewing the pro se response by
Davis,
is limited to determining whether arguable grounds for appeal exist.  See id. at 827.  If we determine that arguable grounds for
appeal exist, we abate the appeal and remand the case to the trial court to
allow the court-appointed attorney to withdraw. 
See id.  The trial court
then either appoints another attorney to present all arguable grounds for
appeal or, if the defendant wishes, allows the defendant to proceed pro
se.  See id.  We do not rule on the ultimate merits of the
issues raised by Davis in his pro se
response.  See id.  If we determine that there are arguable
grounds for appeal, Davis is entitled to have
new counsel address the merits of the issues raised.  See id.  “Only after the issues have been briefed by
new counsel may [we] address the merits of the issues raised.”  Id.

If, on the other hand, we determine, from our independent review
of the entire record, that the appeal is wholly frivolous, we may affirm the
trial court’s judgment by issuing an opinion in which we explain that we have
reviewed the record and have found no reversible error.  See id. at 826–28.  The holding that there are no arguable
grounds for appeal is subject to challenge by Davis by
a petition for discretionary review filed in the Court of Criminal
Appeals.  Id.
at 827 & n.6.

In accordance with Anders and Bledsoe, we have reviewed the record, Davis’s appointed
counsel’s Anders brief, and Davis’s
pro se response to that brief and conclude that no reversible error
exists.  Having reached that conclusion,
we affirm the judgment of the trial court and grant Davis’s appointed counsel’s
motion to withdraw.[2]

Conclusion

We affirm the judgment of
the trial court and grant appointed counsel’s motion to withdraw.

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1] Tex. Health & Safety Code
Ann. §§ 481.102(2), 481.112(a), (d)
(Vernon 2003 & Supp. 2006).

 

 





[2] Appointed appellate counsel still has a duty to inform Davis
of the result of this appeal and that he may, on his own, pursue discretionary
review in the Court of Criminal Appeals. 
See Bledsoe v. State,
178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005); Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App.
1997); Stephens v. State,
35 S.W.3d 770, 771–72 (Tex. App.—Houston
[1st Dist.] 2000, no pet.).